# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| DANA L. ROSE,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF IDAHO, 100+ DEFENDANTS,<br><br>Defendants. | Case No.: 1:15-cv-00491-EJL-REB<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**DEFENDANT STATE OF IDAHO'S MOTION TO DISMISS (Docket No. 3)**<br><br>**DEFENDANT STATE OF IDAHO'S MOTION TO DECLARE DANA L. ROSE A VEXATIOUS LITIGANT (Docket No. 7)**<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANT STATE OF IDAHO'S FIRST MOTION TO TAKE JUDICIAL NOTICE (Docket No. 4)**<br><br>**DEFENDANT STATE OF IDAHO'S SECOND REQUEST TO TAKE JUDICIAL NOTICE (Docket No. 8)** |

Now pending before the Court are Defendant State of Idaho's (1) Motion to Dismiss (Docket No. 3), (2) First Motion to Take Judicial Notice (Docket No. 4), (3) Motion to Declare Dana L. Rose a Vexatious Litigant (Docket No. 7), and (4) Second Request to Take Judicial Notice (Docket No. 8). Having carefully considered the record and otherwise being fully

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 1**

advised, the undersigned enters the following Report and Recommendation as to the first and

third motions, and a Memorandum Decision and Order as to the remaining three motions.

## I. PRELIMINARY STATEMENT

On December 11, 2015, United States District Judge Edward J. Lodge referred all matters

to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A & B), Rule 72 of the Federal Rules of

Civil Procedure, and Local Civil Rule 72.1. *See* Order of Reference (Docket No. 11).

On January 4, 2016, Plaintiff Dana Rose responded to Judge Lodge's Order of Reference,

arguing:

> Defendant **Edward J. Lodge** has now assigned/**directed** fellow **defendant** Ronald
> E. Bush, A magistrate not to have been given written permission by Dana Rose!
>
> Defendant Edward J. Lodge **DIRECTES defendant Ronald E. Bush** to conduct
> evidentiary hearings and submit findings of fact and recommendations as to
> disposition back to his Court!
>
> As a defendant Edward J. Lodge as absolutely no legal authority to direct anything!
>
> As a required function of this court, it must request a judge in good standing from
> outside its borders!

Resp. to Order of Reference (Docket No. 13) (emphasis and capitalization in original). Again,

on January 12, 2016, Rose reiterated his apparent objection to Judge Lodge's Order of

Reference, arguing:

> Defendant Edward J. Lodge has maliciously chosen to maintain jurisdiction, Edward
> J. Lodge **DIRECTED** Defendant Ronald E. Bush to falsify court records as he did
> with staff attorney Janis Dotson and B. Lynn Winmill did with Craig Durham, It
> appears the falsification of the documented facts has become policy!
>
> We have a **Jury Demand** and a **motion to set trial date**, any **"evidentiary"** review
> of the documentation is to be conducted by that Jury and no one else!

Supp. Resp. to Order of Reference (Docket No. 14) (emphasis and capitalization in original).

Rose's objection is noted, but denied nonetheless.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 2**

First, it is entirely proper for a United States district judge to refer matters to United States magistrate judges.  *See, e.g.*, 28 U.S.C. § 636(b)(1)(A & B); Fed. R. Civ. P. 72; Dist. Idaho Loc. Civ. R. 72.1.  Such referrals are commonplace and, importantly, a necessary mechanism for efficiently handling civil matters despite heavy and increasing workloads.  Judge Lodge's December 11, 2015 Order of Reference aligns with these realities and, on its face, is absolutely permitted.

Second (and more fundamentally) Rose's objection to Judge Lodge's Order of Reference implies that both Judge Lodge and the undersigned are somehow parties to the instant action.  *See supra*.  Rose's Complaint and attachments, however, reveal otherwise.  While Rose obliquely describes a dissatisfaction with the handling of various legal matters before different tribunals (state and federal), nowhere is there a reference to either Judge Lodge or the undersigned (beyond, simply, a reference to the "Judges of Idaho").  *See* Compl., p. 2 (Docket No. 1).  Accordingly, Rose's's objections, while noted, are without merit and therefore denied.

## II.  REPORT/DISCUSSION

### A.  The State's Motion to Dismiss (Docket No. 3)

Through this action, Rose claims that the State of Idaho (the "State") has "maliciously abus[ed] its legal process" stemming from his 1999 criminal conviction.  *See id.* at p. 1.  His Complaint contains a host of wrongs that he claims the State is responsible for: breaking and entering into his home, denying him the assistance of counsel, denying him an accurate court record, denying him the appeal process, etc.  *See id.* at pp. 1-2.  Rose claims that the "Judges of Idaho" have violated their oath of office and the terms of their employment, and have been negligent in the performance of their duties.  *See id.* at pp. 2-4.  Rose also claims that Idaho's

"department of corrections has violated access to courts." *See id*. Rose ultimately asks this Court to void his 1999 criminal judgment of conviction and seeks an excess of $100 million. *See id*. at p. 4.

The State now moves to dismiss Rose's Complaint, arguing that (1) the claims asserted therein fail to state a claim upon which relief can be granted; (2) any claims are barred by the Eleventh Amendment; (3) this Court lacks subject matter jurisdiction to invalidate his state court judgments; and (4) Rose has not complied with a 2007 "pre-filing order." *See generally* Mem. in Supp. of MTD (Docket No. 3, Att. 1). Each of these basis is discussed below.

1.    Rose's Complaint is Unintelligible and Fails to State a Claim Upon Which Relief Can Be Granted

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action. *See id*. at 556-57; *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 4**

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. *See Twombly,* 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. *See id*. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 586 (citation omitted).

A court may also dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 mandates that a complaint include a "short and plain statement of the claim" and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & 8(d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir. 1995) (stating that district court has power to dismiss complaint for failure to comply with Rule 8 where complaint is so confused,

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 5**

ambiguous, or unintelligible that its true substance is well disguised); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963 (9th Cir. 2010). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 6**

claimant is entitled to offer evidence to support the claims." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005).

Here, the State asks the Court to dismiss Rose's claims pursuant to Rule 12(b)(6), arguing that his "claims" are insufficiently pled and, likewise, fail to provide the requisite "fair notice" of what the claims actually are and the grounds upon which they rest.  In this respect, the State contends:

> A review of Rose's complaint demonstrates that it is filled with labels and legal conclusions – or as *Iqbal* referenced, the State-unlawfully-harmed-me accusations – but lacks sufficient factual content to permit the court to reasonably infer that the State is liable for any of the claims asserted.  For instance, Rose alleges that he "was denied the assistance of counsel in his defense of the right of self-defense . . . ."  Rose does not identify what legal claim he is asserting, nor does he provide factual support of how he was denied the assistance of counsel; when he was denied the assistance of counsel; and by whom he was denied the assistance of counsel.  Rose also remarks that "[t]he Fourth Judicial District Court, **DENIED** Dan rose the Habeas process, and instructed their clerk; [sic] J. David Navarro to conceal the court's record preventing Dana Rose from challenging its malice on appeal ! [sic]."  This purely conclusory allegation lacks factual support that explains how a clerk of the court concealed the record or what malice Rose is referring to, or even what claim Rose is asserting.  As another example, Rose alleges that "[t]he Judges of Idaho have violated their oath of office and the terms of their employment."  This allegation lacks any factual support or explanation of what the actual legal claim is.  Similarly, his comments on specific members of the Idaho judiciary lack factual support to show a plausible claim.  Rose even lunges as the federal court in one paragraph, but it is not a party to this action, and any claim is irrelevant to the State.  Because of the lack of factual support and the lack of cognizable legal theories, Rose's complaint does not comply with Rule 8(a)(2) and should be dismissed with prejudice because it fails to state claims upon which relief may be granted.

Mem. in Supp. of MTD, pp. 4-5 (Docket No. 3, Att. 1) (emphasis in original, internal citations omitted).  After reviewing Rose's Complaint, the undersigned agrees.

Rose's Complaint is most sensibly characterized as a diatribe, directed at various state actors and entities, flowing from his perception of a bogus legal action in Idaho state court.  It is rambling and, at times, nonsensical, but also clearly full of Rose's indignant and strongly-held

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 7**

beliefs that he has been wronged throughout the process, to include his arrest, conviction, and ultimate incarceration.  Indignation and pique are not a substitute for substance, however, and certainly not enough to allow Rose's Complaint to proceed.  Independent of the fact that the current action represents only the latest of the many cases Rose has brought on the issue,[1] his allegations are not tethered to a particularly-identified defendant via an understood/stated cause of action.  Because the claims that Rose intends to assert are unknown (or so convoluted as to render them unknowable), it is impossible to assess their relative merits – his Complaint fails to give the State (or any other intended defendant) fair notice of the claims against it/them.

Based upon the foregoing, the undersigned finds that Rose's Complaint does not comply with Rule 8(a)(2) and recommends that the State's Motion to Dismiss (Docket No. 3) be granted pursuant to Rule 12(b)(6) in this respect.  Additionally, it is further recommended that leave to amend not be granted because no amendment can save Rose's Complaint, particularly in light of the historical litigious backdrop at play here.

2.    Rose's Claims Against the State Are Barred by the Eleventh Amendment

The Eleventh Amendment erects a general bar against federal lawsuits brought against a state.  *See Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies."  *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted).  State immunity under the Eleventh Amendment is not absolute, however, as there are three exceptions to the rule.  First, Congress may abrogate that immunity pursuant to its

---

[1]  *See, e.g.,* CV00-154-S-EJL; CV00-596-S-EJL; CV00-619-S-EJL; CV00-655-S-EJL; CV01-119-S-EJL; CV01-154-S-BLW; CV02-230-S-EJL; CV04-187-S-LMB; CV04-233-S-MHW; CV04-426-S-BLW; CV04-435-S-BLW; CV04-482-S-BLW; CV04-490-S-EJL; CV04-526-S-BLW; CV06-03-S-DOC; CV06-205-S-FVS; CV06-217-S-FVS.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 8**

lawmaking powers conferred by the United States Constitution.  *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000).  Second, a state may waive its Eleventh Amendment immunity by consenting to suit.  *See College Sav. Bank Florida v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  Finally, under the *Ex parte Young* doctrine, immunity does not apply when the plaintiff chooses to sue a state official in his or her official capacity for prospective injunctive relief.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996).

Here, Rose seeks more than $100 million from the State by virtue of the "claims" asserted in his Complaint.  However, importantly, there is no indication that either (1) Rose's claims are authorized by law, (2) the State has waived its Eleventh Amendment immunity, or (3) Rose is bringing a claim for anything other than retrospective relief.  As a result, the undersigned recommends that the State's Motion to Dismiss (Docket No. 3) be granted in this respect.[2]

3.  This Court Lacks Subject Matter Jurisdiction To Void Any State Court Judgment Under the Rooker-Feldman Doctrine

The Rooker-Feldman doctrine recognizes that "federal district courts lack jurisdiction to exercise appellate review over final state court judgments."  *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007).  This bar to jurisdiction covers direct appeals from state court judgments, *de facto* appeals from state court judgments, and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."  *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *see also Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005).

_____

[2]  The State additionally argues that, even if Rose is asserting claims under the Idaho Tort Claims Act, they are not only barred by the Eleventh Amendment, but Rose lacks statutory standing to even assert them.  *See* Mem. in Supp. of MTD, pp. 5-7 (Docket No. 3, Att. 1).  The undersigned agrees.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 9**

Principles of federalism underlie the rule, which recognizes the separate and distinct

jurisdiction of state courts over state court appeals.  As the Ninth Circuit explains:

> Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments: If claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.  Simply put, the United States District Court, as a court of original jurisdiction, has no authority to review the final determination of a state court in judicial proceedings.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (internal quotation marks and citations

omitted).

Applied to the instant case, the Rooker-Feldman doctrine bars Rose from seeking

retrospective relief from the alleged injuries caused by a state judgment.  To be sure, his

Complaint is rife with instances calling into question the complained-of judgment.  For example:

- The caption of Rose's Complaint includes a reference to "Notice of Void Judgment" Compl., p. 1 (Docket No. 1).

- Rose's Complaint alleges: "[The State] never had jurisdiction, Making the process **Void** . . . ."  *Id*. (emphasis in original).

- Rose's Complaint alleges: "Dana Rose was denied accurate court record !, making the process VOID !  We have **NO** record of Dana Rose being found guilty by jury of a crime !"  *Id*. at p. 2 (emphasis and capitalization in original).

- Rose's Complaint alleges: "The bottom line being; A rather large group of individuals within our judicial, Intentionally, willfully with malice intent chose to violate their contractual obligations and/or their oath of office leaving themselves without judicial immunities !  Dana Rose expects a **void judgment** as a required function, ending the ongoing damages accrued !  *Id*. at p. 6 (emphasis added).

These requests for relief are designed to address and compensate Rose for the injuries

occasioned by the state court judgment.  "If the Court were to grant such relief, the instant

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 10**

lawsuit would serve as an end-run around the state court appellate process. Under Rooker-Feldman, the Court lacks subject matter jurisdiction to provide such relief, as it would undermine the state court's jurisdiction and serve as a *de facto* appeal from the state court." *Bell v. City of Boise*, 834 F. Supp. 2d 1103, 1110 (D. Idaho 2011); *see also id.* ("Plaintiffs were the losing parties in state court; they are now complaining of injuries caused by state court judgments; and they are inviting the federal court to review and reject that judgment in each Plaintiff's case."). As a result, the undersigned recommends that the State's Motion to Dismiss (Docket No. 3) be granted in this respect.

    4.    <u>The 2007 Pre-Filing Order is Inapplicable</u>

On October 26, 2007, Judge Lodge issued an Order in an unrelated action, detailing Rose's conduct before this Court, stating in part:

> Plaintiff has filed twenty-three lawsuits in the District of Idaho, and they were dismissed for failure to state cognizable constitutional claims. It was also determined that many of the lawsuits were legally frivolous. The Clerk of Court conditionally filed Plaintiff's present Prisoner Civil Rights Complaint, and the Court has determined that the Complaint is subject to dismissal because Plaintiff was previously issued three strikes pursuant to 28 U.S.C. § 1915(g). Strikes are issued to prisoners who file legally frivolous claims, and once a prisoner has received three strikes, his future filings are subject to a pre-filing review. Only claims alleging "imminent danger of serious physical injury" will be allowed to proceed. Plaintiff's present Complaint alleges due process violations by IDOC employees and attorneys, and therefore, it does not qualify for the imminent danger exception.

> Based on the foregoing, Plaintiff's Complaint is dismissed. Plaintiff shall file no further civil rights complaints in the District of Idaho, unless the allegations fall within the imminent danger exception to 28 U.S.C. § 1915(g). The Clerk of Court will be directed to submit all future filings from Plaintiff to Chief Judge B. Lynn Winmill for a pre-filing review. The filings shall not be entered onto the Court's docket until after the Chief Judge completes the review and directs the Clerk of Court to conditionally file the complaint.

Order, pp. 1-2 in CV07-162-EJL, attached as Attachment to First Mot. to Take Judicial Not.

(Docket No. 4, Att. 1). The State argues that Rose's latest assertions do not fall within the

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 11**

imminent danger exception outlined in Judge Lodge's above-referenced Order and, therefore, should be dismissed.  The undersigned disagrees.

Judge Lodge's Order finds support in 28 U.S.C. § 1915(g) which states that a *prisoner* shall not bring a civil action (under section 1915) "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Although Rose may have been incarcerated at the time of Judge Lodge's Order (or, at least, when Rose brought the action that prompted Judge Lodge's Order), he is not now (or, at least, was not when Rose initiated this action).  In other words, Judge Lodge's Order applied to prospective civil rights complaints filed while Rose was incarcerated; it does not apply to the instant dispute.  Therefore, it is recommended that the State's Motion to Dismiss (Docket No. 3) not be granted in this respect.

**B.      The State's Motions/Requests for Judicial Notice (Docket Nos. 4 & 8)**

The State's First Motion to Take Judicial Notice asks that the Court take judicial notice of a specific order filed in another case (Judge Lodge's 2007 Order discussed above); its Second Request to Take Judicial Notice asks that the Court take judicial notice of various federal and state court documents and summaries of the same.  *See generally* First Mot. to Take Judicial Not. (Docket No. 4); Second Request to Take Judicial Not. (Docket No. 8). The undersigned has reviewed the State's Motions/Requests for Judicial Notice filed in this matter and agrees that the Court may take judicial notice under Rule 201 of the Federal Rules of Evidence of facts that can accurately and readily be determined from sources whose accuracy cannot reasonably be

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 12**

questioned.  Therefore, the State's Motions/Requests for Judicial Notice (Docket Nos. 4 & 8) are granted.

**C.     The State's Motion to Declare Dana L. Rose a Vexatious Litigant (Docket No. 7)**

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Id*.

"Restricting access to the courts is, however, a serious matter." *Id*.  "'[T]he right of access to the courts is a fundamental right protected by the Constitution.'" *Id*. (quoting *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)).  "The First Amendment 'right of the people . . . to petition the Government for a redress of grievances,' which secures the right to access the courts, has been termed 'one of the most precious of the liberties safeguarded by the Bill of Rights.'" *Id*. (quoting *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524-25 (2002)).  "Profligate use of pre-filing orders could infringe this important right, as the pre-clearance requirement imposes a substantial burden on the free-access guarantee." *Ringgold-Lockhart*, 761 F.3d at 1062 (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)).

"Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed,' and only if courts comply with certain procedural and substantive requirements." *Id*. (quoting *De Long*, 912 F.2d at 1147).  "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 13**

all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.' *Id*. (quoting *De Long*, 912 F.2d at 1147-48.  As to the core finding of frivolousness or harassment, courts should examine both the number and content of the litigant's cases or claims to determine whether they are patently without merit.  *See Molski*, 500 F.3d at 1059 (citing *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)).  The State argues that an examination of each of these factors reveals that Rose should be declared a vexatious litigant and that a pre-filing order is appropriate.  *See generally* Mem. in Supp. of Mot. to Declare Rose a Vexatious Litigant, pp. 4-10 (Docket No. 7, Att. 1).  The undersigned agrees.

To begin, Rose is on notice and has had (and will still have) an opportunity to be heard.  This is so because the State filed the at-issue Motion on November 19, 2015.  *See Molski*, 500 F.3d at 1058 ("In this case, Molski had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion by the defendants and served on Molski's counsel.").  To date, however, Rose has filed no response.  Further, the objection procedures within Rule 72(b)(2) of the Federal Rules of Civil Procedure (outlined below), allow Rose *another* opportunity to be heard on this issue.  These two opportunities satisfy the first factor in *De Long*.

Next, as mentioned above, Rose has already filed at least 23 lawsuits in this District (and over 50 lawsuits in both federal and Idaho state courts).  *See supra* (discussing Judge Lodge's October 26, 2007 Order in CV07-162-EJL); *see also* Sample Federal Cases, attached as Ex. A to Second Request to Take Judicial Not. (Docket No. 8, Att. 2); State Court Proposed Findings of Fact and Conclusions of Law, p. 2, attached as Ex. B to Second Request to Take Judicial Not.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 14**

(Docket No. 8, Att. 2) ("From 1998 to the present, Rose has initiated over 50 *pro se* civil lawsuits, both in federal and Idaho state courts.").  And Judge Lodge has already concluded with respect to those cases filed in this District, that "they were dismissed for failure to state cognizable constitutional claims" and "[i]t was also determined that many of the lawsuits were legally frivolous."  Order, p. 1 in CV07-162-EJL, attached as Attachment to First Mot. to Take Judicial Not. (Docket No. 4, Att. 1);[3] *see also* Mem. in Supp. of Mot. to Declare Rose a Vexatious Litigant, pp. 5-10 (Docket No. 7, Att. 1) (discussing sampling of 6 federal lawsuit dispositions).

What's more, Rose has already been declared a vexatious litigant in Idaho state court, with Fifth District Judge G. Richard Bevan concluding as a matter of law in April 2015:

1.  Thus, DANA ROSE has habitually, persistently, and without reasonable grounds engaged in conduct that (1) serves merely to harass or maliciously injure other parties in civil actions, (2) is not warranted under existing law an d cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or (3) is imposed solely to delay, hinder the effective administration of justice, impose an unacceptable burden on judicial personnel and resources, and impede the normal and essential functioning of the judicial process.

2.  DANA ROSE, in immediately the preceding seven-year period, has commenced, prosecuted or maintained *pro se* at least three litigations, other than in the small claims department of the magistrate division, that have been finally determined adversely to DANA ROSE.

---

[3] In this respect, Judge Lodge identified the following cases: CV00-154-S-EJL, CV00-596-S-EJL, CV00-619-S-EJL; CV00-655-S-EJL; CV00-688-S-EJL; CV01-119-S-EJL; CV01-154-S-BLW; CV02-230-S-EJL; CV03-36-S-BLW; CV04-187-S-LMB; CV04-233-S-MHW; CV04-426-S-BLW; CV04-435-S-BLW; CV04-490-S-EJL; CV04-526-S-BLW; CV05-394-SDOC; CV06-03-S-DOC; CV06-203-S-FVS; CV06-205-S-FVS; CV06-217-S-FVS.  Order, p. 1, n.1 in CV07-162-EJL, attached as Attachment to First Mot. to Take Judicial Not. (Docket No. 4, Att. 1).  According to Judge Lodge, "[s]trikes were issued in the last three [of these] cases [Rose] filed." *Id.*

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 15**

> 3.      DANA ROSE has, while acting *pro se*, repeatedly filed unmeritorious motions, pleadings, or other papers, and has engage in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> THEREFORE, pursuant to Idaho Administrative Rule 59(d), this court concludes that DANA ROSE is a vexatious litigant and that a prefiling order will be issued.

State Court Proposed Findings of Fact and Conclusions of Law, pp. 3-4, attached as Ex. B to Second Request to Take Judicial Not. (Docket No. 8, Att. 2) (capitalization in original). These circumstances support the conclusion that an adequate record is available from which this Court can conclude that a vexatious litigant order is needed here, in this District. *See Ringgold-Lockhart*, 761 F.3d at 1063, 1065-66 ("Together, the list of federal cases, allegedly baseless motions, and the district court's reference to the California Court of Appeal's reasoned decision in the *Sankary* case [(holding Ringgold to be a vexatious litigant)], provide an adequate record for this Court to review the merits of the district court's order. . . . .  The district court also considered Ringgold's pattern of state court litigation.  It was entitled to do so, as district courts enjoin future litigation out of concern for the affected parties, as well as out of concern for the court themselves.  And a pattern of frivolous or abusive litigation in different jurisdictions undeterred by adverse judgments may inform a court's decision that an injunction is necessary.").

In the Court's view, there is more than sufficient evidence that Rose is (and has been) engaging in abusive litigation tactics through his multiple frivolous filings.  Importantly, it is not just that Rose is litigious (that alone is not enough); rather, it is that his numerous claims have consistently been deemed "patently without merit" to the point that they exhibit a "pattern of harassment."  *Molski*, 500 F.3d at 1059; *De Long*, 912 F.2d at 1148.  These realities satisfy the second and third factors in *De Long*.

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 16**

Finally, recognizing that Rose is properly considered a vexatious litigant, the undersigned finds that a pre-filing order is appropriate.  Even so, the Court should not outright preclude Rose from filing any suit in this District or have to obtain leave of court to file any suit in this District.  Rather, any pre-filing order should be narrowly-tailored to match the problematic filings that dominant this District's docket.  With that in mind, a pre-filing order should be entered preventing Rose from filing any action with claims relating to or concerning his aggravated assault conviction, appeals, and sentence, or any claim relating to a prior state or federal case arising from his aggravated assault conviction, appeals, and sentence.  Such a pre-filing order satisfies the fourth factor in *De Long*.

### III.  RECOMMENDATION/ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED THAT:

1.      Defendant State of Idaho's Motion to Dismiss (Docket No. 3) be GRANTED; and

2.      Defendant State of Idaho's Motion to Declare Dana L. Rose a Vexatious Litigant (Docket No. 7) be GRANTED.

Pursuant to Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

IT IS HEREBY ORDERED, FURTHER, THAT:

1.      Defendant State of Idaho's First Motion to Take Judicial Notice (Docket No. 4) is GRANTED; and

**REPORT AND RECOMMENDATION AND MEMORANDUM DECISION AND ORDER- 17**

2.      Defendant State of Idaho's Second Request to Take Judicial Notice (Docket No.

8) is GRANTED.



DATED:  **August 15, 2016**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge