UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

DANA L. ROSE,

    Plaintiff,

v.

THE STATE OF IDAHO, 100+ Defendants,

    Defendants.

Case No. 1:15-CV-00491-EJL

**ORDER ON REPORT AND RECOMMEDNATION**

On August 15, 2016, Chief United States Magistrate Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendant's Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant be granted. (Dkt. 15.)[1] Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). Plaintiff has filed a response, supplement, and a reminder of constitutional guarantees.

---

1 The Magistrate Judge also issued an Order on several non-dispositive motions. (Dkt. 16.)

**ORDER ON REPORT AND RECOMMENDATION- 1**

(Dkt. 17-19.) The matter is ripe for this Court's consideration. Fed. R. Civ. P. 72; Local Civ. R. 73.1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has conducted a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

The factual and procedural background of this case are accurately stated in the Report and the Court adopts the same. (Dkt. 15.) This case concerns the Plaintiff's claims that the State of Idaho, the Judges of Idaho, and the Idaho Department of Corrections have

**ORDER ON REPORT AND RECOMMENDATION- 2**

violated his rights and otherwise abused the legal process in regards to his 1999 criminal conviction. (Dkt. 1.) Plaintiff seeks to have his conviction voided and an award of damages. The State of Idaho filed its Motion to Dismiss the Complaint upon four basis: failure to state a claim, the claims are barred by the Eleventh Amendment, lack of subject matter jurisdiction, and Plaintiff's failure to comply with a 2007 pre-filing order. (Dkt. 3.) The Report concludes dismissal is proper on all of the basis raised by the State except for the last – the 2007 pre-filing order. (Dkt. 15.) The Report further concludes the Plaintiff is properly considered a vexatious litigant and recommends a pre-filing order be entered. (Dkt. 15.)

Plaintiff's "Response" to the Report states that this Court has "no legal authority to render judgment" and that the Defendants have not "denied any matter or issue" and their only defense "has been to falsify and concealing the material facts while denying [Plaintiff] his constitutional guaranties." (Dkt. 17) (emphasis deleted). Plaintiff also filed a "Supplement and Objection" raising several of the same allegations and claims made in the Complaint. (Dkt. 18.) Most recently, Plaintiff filed a "Reminder of the Constitutional Guarantees Denied and/or Violated" reasserting his claims of judicial misconduct, denial of his due process rights, and other violations of his constitutional guarantees. (Dkt. 19.)

As a preliminary matter, some of the Plaintiff's filings allude to the fact that this Court should recuse itself and/or "send this claim on to someone that has no personal involvement." (Dkt. 18, 19.) This Court finds these filings have failed to demonstrate a basis necessitating this Court's recusal from this matter. A motion for recusal or

disqualification of an allegedly biased judge must be made timely and show bias. *See* 28 U.S.C. §§ 144, 455. The party asserting recusal shall file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party...." 28 U.S.C. § 144. Such affidavit shall "state the facts and the reasons for the belief that bias or prejudice exists" and shall be made in good faith. 28 U.S.C. § 144. The Court has reviewed the record and finds there is neither bias nor resulting prejudice by Judge Lodge in this case which warrant recusal. Further, the Court has examined 28 U.S.C. § 455 and finds nothing in this proceeding draws into question its impartiality nor are there circumstances requiring that it be disqualified. The Court is well within its discretion to refer this matter to a Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72.

As to the substance of the Plaintiff's claims and the Report's recommendations, the Court has reviewed this case *de novo* in light of the arguments made by the Plaintiff in each of his filings, the Defendants briefing on the Motions, and the entire record herein. Having done so, this Court agrees with the Report's conclusion and recommendations and adopts the same. For the reasons stated in the Report, this Court finds that the allegations made in the Complaint fail to state any plausible claim upon which relief can be granted. Moreover, the claims made against the State are barred by the Eleventh Amendment and this Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine. In reaching this conclusion, the Court is mindful of the fact that the Plaintiff is a *pro se* litigant. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241

(9th Cir. 2013).

The Court further agrees with the reasoning, analysis, and recommendation of the Report that the Plaintiff be declared a vexatious litigant. The Report correctly sets for the law concerning this determination. *Ringgold–Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). This Court's own view of the record is consistent with the conclusion reached in the Report and, for the reasons stated therein, this Court too finds that the Plaintiff is properly deemed a vexatious litigant and a pre-filing order is necessary. The Court agrees with and adopts the Report's recommendation that the pre-filing order be narrowly tailored such that Plaintiff is prevented from filing any action with claims relating to or concerning his aggravated assault conviction, appeals, and sentence, or any claim relating to a prior state or federal case arising from his aggravated assault conviction, appeals, and sentence. This restriction is properly tailored to address Plaintiff's vexatious filings while not denying him his right of access to the courts on claims that are not frivolous.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on August 15, 2016 (Dkt. 15) is **ADOPTED IN ITS ENTIRETY** and the Defendants' Motion to Dismiss and Motion to Declare Dana L. Rose a Vexatious Litigant (Dkt. 3, 7) are **GRANTED** as follows:

1) This case is **DISMISSED IN ITS ENITRETY**.

2) Plaintiff, Dana L. Rose, is **HEREBY PROHIBITED** from filing any action with claims relating to or concerning his aggravated assault conviction, appeals, and sentence, or any claim relating to a prior state or federal case arising from his aggravated assault conviction, appeals, and sentence in the United States District Court for the District of Idaho without first obtaining leave of the Chief Judge of the Court to do so. The Clerk of the Court shall not accept any pleadings or letters from Plaintiff, Dana L. Rose, regarding the aforementioned matters without first obtaining the consent of the Chief Judge of the United States District Court for the District of Idaho.

DATED: June 6, 2017

Edward J. Lodge
United States District Judge